IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SANSU CAPITAL, L.L.C., )
                                   Plaintiff, )
                                          )
vs. ) No. CIV-16-1306-C
                                          )
SHAYONA INVESTMENT, L.L.C., and )
CENTURY SURETY COMPANY, )
                                         )
                         Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff's Complaint alleges that in 2005 it issued a mortgage to Defendant Shayona Investment, L.L.C., on certain property located in Shawnee, Oklahoma. That property was the site of a Best Western hotel. In April 2015, the Court issued a judgment in favor of Defendant Century Surety Company against Defendant Shayona Investment, L.L.C., to conclude litigation between those two entities. Plaintiff was not a party to that litigation. Plaintiff now argues that the earlier judgment is inferior to its mortgage. Seeking to protect its interests, Plaintiff brought the present action to pursue its rights under the mortgage.

Defendant Century filed a request for appointment of a receiver to resolve the conflict among the parties related to title, to consolidate any claims related to the title, and validate the title to the property so that it may be sold. Defendant Century's Motion acknowledges that Plaintiff may have a claim to some of the sale proceeds but argues that appointment of a receiver is the most efficient manner to bring this matter to conclusion.

Plaintiff objects to the appointment of a receiver. According to Plaintiff, it did not get proper notice of a prior attempted sale by Defendant Century and argues that that sale should not be finalized as there may be a possibility to generate a larger sale price. Plaintiff also argues that the additional cost associated with the appointment of a receiver will diminish any recovery by the parties once the property is sold. Finally, Plaintiff requests that the receiver's ability to expend funds to repair or remodel the property be limited and notes that due to its unfamiliarity with Defendant Century's proposed receiver that he be required to serve with bond. In reply, Defendant Century notes that appointment of a receiver will permit a sale of the property to occur more quickly than a foreclosure action, as suggested by Plaintiff. Defendant Century also agrees that both it and Plaintiff will hold the right to approve any repairs suggested by the receiver. Defendant Century also notes that the title company has noted there may be other claims or lien holders who are not yet parties to this action and that appointment of a receiver will allow addressing any claims of those potentially interested parties. Defendant Century also notes that it has no objection to allowing the receiver to attempt to complete a new sale rather than complete the previous sale.

After considering the arguments raised by the parties, the Court finds that appointment of a receiver is the most efficient means for resolving the matters raised in this ligation. The objections raised by Plaintiff fail to offer any supportable reason to deny appointment of the receiver. At the direction of the Court, Defendant Century has provided a C.V. for Jordan James. Mr. James has extensive experience acting as a receiver

and is well connected to the Tulsa community. Defendant notes that in the clear majority of these cases, Mr. James served without requirement of a bond. Further, considering the nature of the appointment here and the expected tasks of the receiver, a bond is superfluous. Accordingly, Jordan James is appointed as a federal equity receiver of the property. Mr. James shall manage the property until it is sold. However, before expending funds for repair of the property, the receiver shall obtain the consent of Plaintiff and Defendant Century. The receiver shall take the necessary steps to consolidate title in the property, including the addition of any necessary parties to this litigation, to ensure clear title can be conveyed at a sale of the property. The receiver shall proceed to sell the property through public or private sale, and upon closing of the sale of the property remit said sale proceeds to the Court Clerk for further disposition pursuant to further Orders of this Court. The receiver shall serve without bond and shall operate at an hourly fee of $185 per hour. This Court's prior Order of January 3, 2017 (Dkt. No. 118), approving the sale in Case No. CIV-13-386-C, will be vacated by separate Order filed in that case.

As set forth more fully herein, Defendant Century Surety Company's Motion in Support of the Appointment of a Receiver (Dkt. No. 24) is GRANTED.

IT IS SO ORDERED this 13th day of June, 2018.

ROBIN J. CAUTHRON
United States District Judge