IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SANSU CAPITAL, L.L.C., )
                       )
         Plaintiff,    )
                       )
vs.                    )   No. CIV-16-1306-C
                       )
SHAYONA INVESTMENT, L.L.C., and )
CENTURY SURETY COMPANY, )
                       )
         Defendants.   )

## MEMORANDUM OPINION AND ORDER

Plaintiff's Complaint alleges that in 2005 it issued a mortgage to Defendant Shayona Investment, L.L.C., on certain property located in Shawnee, Oklahoma. That property was the site of a Best Western hotel. In April 2015, the Court issued a judgment in favor of Defendant Century Surety Company ("Century") against Defendant Shayona Investment, L.L.C. ("Shayona"), to conclude litigation between those two entities. Plaintiff was not a party to that litigation. Plaintiff now argues that the earlier judgment is inferior to its mortgage. Seeking to protect its interests, Plaintiff brought the present action to pursue its rights under the mortgage. Defendant Century has filed a Motion for Summary Judgment arguing that the undisputed material facts entitle it to judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to

a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Century offers three arguments in favor of its Motion for Summary Judgment. First, that certain language in the insurance policy it issued in favor of Defendant Shayona, accompanied by payments made under the policy, transfers Sansu's rights of foreclosure and priority to Century. Second, Century argues it is equitably subrogated to the rights of

Sansu due to the payments made under the policy. Finally, Century argues the mortgage under which Sansu claims its rights should be found void as fraudulent. Sansu objects, arguing that Century's first and second arguments must fail as Sansu never received any payment from Century. Alternatively, Sansu argues that whether or not it received any payment from Century is a question of fact. As for Century's third argument, Sansu asserts the mortgage was valid and, at a minimum, questions of fact remain on that issue.

The Court finds Century's arguments based on the policy language and raising the doctrine of equitable subrogation are dispositive.[1]

It is undisputed that the insurance policy issued by Century covering the subject property contained the following provision:

> e. If we pay the mortgageholder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:
>
> (1) The mortgageholder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and
>
> (2) The mortgageholder's right to recover the full amount of the mortgageholder's claim will not be impaired.

(Dkt. No. 31, Exh. 1, p. 91). The undisputed facts demonstrate that Century (we) paid Sansu (mortgageholder) for loss or damage to the property and denied payment to Shayona (you). In response to the Motion for Summary Judgment, Sansu does not deny that the checks were issued as stated by Century. However, Sansu asserts that it is without

---

[1] Because Century's first two arguments are dispositive, it is unnecessary to consider Century's argument that the mortgage was void as fraudulent.

sufficient information to admit or deny the assertion as it never received or endorsed the checks. Initially, the Court notes that Sansu's statement is insufficient to create a question of fact. Pursuant to Fed. R. Civ. P. 56(c), Sansu was required to support any assertion by citing to materials in the record which support its objection. Sansu failed to comply with this Rule. To the extent Sansu needed additional time to obtain responsive evidence, Rule 56(d) provides a process to obtain additional time. Rule 56(e)(3) permits the Court to grant summary judgment where facts are not controverted, and other facts demonstrate entitlement to relief. Century has produced copies of the checks issued jointly to Sansu and Shayona as referenced in the Motion for Summary Judgment, an affidavit attesting to the validity of those checks, and a copy of a check endorsed by Shayona and Sansu in an amount in excess of the sales price of the property.[2] Thus, all provisions in paragraph e of the referenced policy language are triggered. Subparagraph 1 then transfers Sansu's right to foreclose on the mortgage to Century. Century may then retain any proceeds from the sale of the property up to the amount of payments made under the policy. Of course, as noted in subparagraph 2, this does not interfere with Sansu's right to collect from Shayona for any balance remaining on the mortgage. Thus, under the plain language of the insurance policy, Century's rights take priority over those of Sansu and Century is entitled to judgment.

---

[2] To the extent the checks were fraudulently endorsed, any remedy for Sansu lies with a claim against Shayona and is outside the scope of the claims in the current Complaint.

Alternatively, Century argues it may recover under the doctrine of equitable subrogation. As set forth above, it is undisputed that Century issued checks totaling in excess of the $601,000.00 mortgage amount jointly to Shayona and Sansu. The Oklahoma Supreme Court has explained the doctrine of equitable subrogation:

> The doctrine of equitable subrogation is a creature of equity intended to achieve the natural justice of placing the burden where it ought to rest. It is unlike a fixed rule of law; instead, equitable subrogation is pliable and capable of being molded to attain justice to compel the ultimate discharge of a debt or obligation by the party who in good conscience ought to pay it.

In re Estate of Carlson, 2016 OK 6, ¶ 32, 367 P.3d 486, 497-98 (internal citations omitted). The Eighth Circuit applied the doctrine stating:

> when the insurer pays the mortgagee for its loss, the insurer becomes subrogated to the rights of the mortgagee to the extent that the insurer has paid the debt, and this is generally true whether or not the mortgagee makes a separate, formal assignment to the insurance company. Payment of the debt or a portion of it by the insurer does not discharge the mortgagor from his obligation; it merely substitutes the insurer for the mortgagee to the extent of the insurance proceeds.

Garrison v. Great Sw. Ins. Co., 809 F.2d 500, 501 (8th Cir. 1987).

As applied here, by paying Sansu under the insurance policy in an amount greater than the mortgage, Century then took the rights of Sansu up to the amount of those payments or the amount of the mortgage, whichever is less. Again, Sansu retains its rights to satisfy any amount due on the mortgage from Shayona. Thus, under the doctrine of equitable subrogation, Century is entitled to judgment in its favor.

On December 7, 2016, Defendant Shayona Investment, L.L.C., was directed to secure counsel. To date, no counsel has entered an appearance on behalf of that entity.

Sansu admits that Shayona has failed to comply with the Court's Order, yet Sansu has taken no action to pursue the claims brought against Shayona. Accordingly, Sansu shall, within 14 days of the date of this Order, take some action to pursue its claims against Shayona or that entity will be dismissed for failure to prosecute.

## CONCLUSION

As set forth more fully herein, Defendant Century Surety Company's Motion for Summary Judgment Against Sansu Capital, L.L.C. (Dkt. No. 31) is GRANTED. Century has priority to the first $683,727.05 of sale proceeds from the sale of the subject property. A separate judgment reflecting Century's priority as set forth herein will issue.

IT IS SO ORDERED this 19th day of November, 2018.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge